IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM FRANK BOURDIER, JR. * | |
| PLAINTIFF * | |
| * | CIVIL ACTION NO. _____ |
| VS. * | |
| * | COMPLAINT AND DEMAND |
| THE DERMATOLOGY AND AESTHETIC * | FOR A JURY TRIAL |
| INSTITUTE, L.L.C. AND DONNA G. NUNNALLY | |
| DEFENDANTS * | |

**COMPLAINT**

I. INTRODUCTION

1.     The Plaintiff brings this individual action for damages based upon Defendants' unlawful and deceptive credit practices for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").  Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorney fees under the FCRA.

II. JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3.     Plaintiff, William Frank Bourdier, Jr., is a natural person above the age of majority residing in Jefferson Parish, State of Louisiana.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.     Defendant, The Dermatology and Aesthetic Institute, L.L.C. (hereinafter referred to as "DAI") is a Louisiana corporation, with its principal place of business located at 7330 Perkins Road, Baton Rouge, Louisiana, and whose registered agent for service of process is Donna

1

G. Nunnally, 7330 Perkins Road, Baton Rouge, Louisiana.

5. Defendant, Donna G. Nunnally (hereinafter referred to as "Nunnally") is an individual employed by co-defendant DAI and the principal owner of DAI.

IV. FACTUAL ALLEGATIONS

6. Prior to February 4, 2009, plaintiff's wife, Terri Bourdier, was employed by defendant DAI.

7. On or about February 4, 2009, Terri Bourdier was discharged from her employment by DAI after complaining of problems with payment of health insurance premiums by DAI for the employer provided health insurance.

8. Terri Bourdier was owed past due wages and unused earned vacation time by DAI at the time of her discharge, and she subsequently made demand and filed suit against DAI for these monies.

9. On or about April 8, 2009, DAI and Nunnally requested a consumer report (commonly referred to as a "credit report") on Mr. Bourdier through a company called United States Information Services (USIS).

10. On or about April 8, 2009, Experian Information Solutions, Inc. mailed or caused to be mailed a letter to Mr. Bourdier notifying him that defendant DAI has requested a consumer report on him through USIS for "employment purposes."

11. Mr. Bourdier has never applied for employment with defendant DAI.

12. Defendant DAI now claims it pulled or obtained Mr. Bourdier's consumer report because Mrs. Bourdier owed money to DAI for services it rendered to her and her family, including Mr. Bourdier, during her employment with DAI, and Mrs. Bourdier used a credit card of

Mr. Bourdier's to pay for goods and services from DAI at some unspecified time.

13. Defendants did not have a permissible purpose to pull or obtain Mr. Bourdier's consumer report under 15 U.S.C. § 1681(a)(3)(B).

14. Mr. Bourdier became very concerned and anxious that DAI and Nunnally now have his private personal financial information at their disposal, especially considering its firing of his wife two months earlier.

15. As a direct and proximate result of the foregoing acts and omissions of defendants, plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress and inconvenience, for which he should be compensated in amounts to be proven at trial.

16. The acts complained of herein were done by defendants intentionally, purposefully, and/or in reckless disregard of the rights of plaintiff.

17. Defendants are liable to plaintiff for actual damages, punitive damages, attorney fees, and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally for:

(a) the greater of actual damages or statutory damages;

(b) punitive damages pursuant to 15 U.S.C. § 1681n;

(c) attorney's fees pursuant to 15 U.S.C. § 1681n and/or § 1681o;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

<table>
<tr><td>

s/Garth J. Ridge  
**GARTH J. RIDGE**  
Attorney for Plaintiff  
Bar Roll Number: 20589  
251 Florida Street, Suite 301  
Baton Rouge, Louisiana 70801  
Telephone Number: (225) 343-0700  
Facsimile Number: (225) 343-7700  
E-mail: GarthRidge@aol.com

</td><td>

s/Joseph J. Long  
**Joseph J. Long**  
Attorney for Plaintiff  
Bar Roll Number 25968  
251 Florida Street, Suite 308  
Baton Rouge, LA 70801  
Telephone Number: (225) 343-7288  
Facsimile Number: (225) 267-5664  
E-mail: joe@josephlong.com

</td></tr>
</table>

Leonard Bennett  
Attorney at Law  
12515 Warwick Boulevard  
Newport News, VA 23606  
Telephone Number: (757) 930-3660