IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

WILLIAM FRANK BOURDIER, JR.  *
PLAINTIFF  *
　　　　　　　　　　　　　　　*  CIVIL ACTION NO. 11-237-BAJ-SCR
VS.  *
　　　　　　　　　　　　　　　*
THE DERMATOLOGY AND AESTHETIC  *
INSTITUTE AND DONNA G. NUNNALLY  *
DEFENDANTS  *

# STATUS REPORT

A.　　**JURISDICTION**

What is the basis for the jurisdiction of the Court?

Jurisdiction of this court arises under 15 U.S.C. §§ 1681p and 28 U.S.C. §§ 1331 and 1337.

B.　　**BRIEF EXPLANATION OF THE CASE**

1.　　Plaintiff claims: Defendants, The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally, did not have a permissible purpose to obtain or pull plaintiff's consumer report when defendants did so on April 8, 2009 under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.

2.　　Defendant claims: A showing of a permissible purpose is a *complete defense* to plaintiff's claim under the FCRA. Defendants, The Dermatology and Aesthetic Institute, L.L.C. ("DAI") and Donna G. Nunnally, M.D., had a permissible purpose to obtain plaintiff's consumer report. The plaintiff owed a debt to DAI. 15 USC § 1681b(a)(3)(A). Moreover, activity by Teri Bourdier, a former employee of DAI, which involved the plaintiff, also gave the defendants a legitimate business reason to access the plaintiff's consumer report. 15 USC § 1681b(a)(3)(F)(i); *Cambridge Title Co. v. Transamerica Title Ins. Co.*, 817 F.Supp. 1263, 1279 (D. Md. 1992); *McNall v. Credit Bureau of Josephine County*, 689 F.Supp.2d 1265, 1274 (D.Ore. 2010); *Simoneaux v. Brown*, 403 F.Supp.2d 526, 530 (M.D. La. 2005). The defendants seek to recover reasonable attorney's fees incurred in defending this matter pursuant to 15 USC § 1681n(c) and/or pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or on open account pursuant to La. R.S. 9:2781. The plaintiff's claim is without factual basis, is not warranted by law, and, upon information and belief, was filed to harass the defendants in retaliation for terminating plaintiff's wife.

C.    PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s): None.

D.    ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. Whether defendants's designation of "employment purpose" for the permissible purpose for obtaining or pulling Mr. Bourdier's consumer report is correct.

2. Whether the defendants had a permissible purpose to obtain plaintiff's consumer report.

3. Whether the plaintiff owed a debt to DAI in April of 2009.

4. Whether the defendants had a reason to believe that the plaintiff owed a debt to DAI in April of 2009.

5. Whether DAI had a legitimate business need for the plaintiff's consumer report in connection with a business transaction.

6. Whether a report requester violates the FCRA by inadvertently giving an incorrect reason for its request for a consumer report if it has an independent permissible purpose for requesting the report.

7. Whether the plaintiff sustained any recognizable damages.

8. Whether the plaintiff's claim is barred by res judicata, ratification, satisfaction and release as a result of settlement of the plaintiff's wife's claim against DAI.

9. Whether the plaintiff's claim against the defendants was filed to harass the defendants in retaliation for terminating his wife.

10. Whether defendants' violations of the FCRA are willful or negligent.

11. Whether the defendants are entitled to recover attorney's fees incurred in defending this claim.

E.    DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

    A.    Plaintiff's calculation of damages: Plaintiff's actual damages are unliquidated and if defendants' FCRA violations are willful then they are liable for statutory damages of up to $1000 and punitive damages pursuant to 15 U.S.C. § 1681n.

    B.    Defendant's calculation of offset and/or plaintiff's damages: Defendants contend that the plaintiff has incurred no damages whatsoever. The consumer report was never used or disclosed to third parties. Any damages due to plaintiff are more than offset by the amount owed by the plaintiff to DAI.

    C.    Counterclaimant/cross claimant/third party's calculation of damages: The defendants are entitled to all amounts owed by plaintiff to DAI and are further entitled to recover attorney's fees incurred in defending this matter.

**F.    SERVICE**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

None.

**G.    DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?
    [ ] YES    [X] NO

    A.    Do any parties object to initial disclosures?

    [ ] YES    [X] NO

For any party who answered *yes*, please explain your reasons for objecting:

    B.    Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures: July 24, 2011

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None to date.

By defendant(s): None to date.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example, are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

The plaintiff may seek a protective order limiting the disclosure of his consumer report which is in the possession of the defendants as well as any personal financial information that may be produced during discovery.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Plaintiff may obtain an expert in regard to the policies and procedures for pulling or obtaining a consumer report and any other areas appropriate as discovery progresses.

By defendant(s): The defendants have not yet determined whether expert witnesses are necessary. The defendants reserve the right to name expert witnesses at a later date.

**H. PROPOSED SCHEDULING ORDER**

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: August 31, 2011

2. Recommended deadlines for completion of fact discovery:
   A. Exchanging initial disclosures required by FRCP 26(a)(1): July 24, 2011

   B. Filing all discovery motions and completing all discovery except experts: November 30, 2011

3. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different date for disclosure of experts in different subject matters):

   Plaintiff(s): November 30, 2011

   Defendant(s): December 15, 2011

4. Exchange of expert reports:

Plaintiff(s): January 3, 2012

Defendant(s): February 3, 2012

5. Completion of discovery from experts: March 3, 2012

6. Filing dispositive motions: April 3, 2012

7. If the general outline of proposed deadlines set forth in numbers 1 - 6 does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

I. **TRIAL**

1. Has a demand for trial by jury been made?

[X] YES   [ ] NO

2. Estimate the number of days that trial will require: Two to three days.

J. **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES   [X] NO

1. If the answer is *yes*, please explain:

2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? CHECK "NO" IF YOU HAVE NOT SUBMITTED PROPOSED DEADLINES.

[X] YES   [ ] NO

K. **ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

1. Several ADR techniques are available through the court and may be helpful in your case. These include early neutral evaluation, mediation, and summary jury trial. Do the parties wish to engage in alternative dispute resolution proceedings?

[ ] YES   [X] NO

If so, identify the ADR procedure(s) to be used:

2. If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties who recommend ADR and the specific ADR process recommended:

Plaintiff believes mediation is appropriate and plaintiff would request a settlement conference.

**L.    SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case.

   Parties have informally discussed their respective merits positions.

2. Do the parties wish to have a settlement conference?

   [ ] YES    [X] NO

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

**M.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636©, to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|------|-------------------|----------------------|---------------------------|
|      |                   |                      |                           |

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Report dated: July 6, 2011

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number: 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 6, 2011, a copy of the foregoing Status Report was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number: 20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com