UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM FRANK BOURDIER, JR.

VERSUS

THE DERMATOLOGY AND AESTHETIC
INSTITUTE, ET AL

CIVIL ACTION

NUMBER 11-237-BAJ-SCR

## SCHEDULING ORDER

Considering the information contained in the Status Report filed July 6, 2011, record document number 5, the following scheduling order is entered pursuant to Rule 16, Fed.R.Civ.P.

- A. All fact discovery shall be completed and motions to compel fact discovery shall be filed by November 30, 2011.

- B. The parties shall make the disclosures required by Rule 26(a)(1), Fed.R.Civ.P., by July 24, 2011.

- C. Motions to amend the pleadings to add new parties or claims shall be filed by August 31, 2011.

- D. Plaintiff shall disclose the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Evid., by November 30, 2011. Defendants shall disclose such persons by December 15, 2011.

- E. Any person who will offer expert testimony for the plaintiff who is required by Rule 26(a)(2)(B), Fed.R.Civ.P., to produce a report shall produce such report by January 3, 2012. Defendants shall produce any required expert reports by February 3, 2012.

- F. Expert discovery, including depositions of expert witnesses, shall be completed by March 5, 2012.

- G. Dispositive motions shall be filed by April 3, 2012.

The dates for the final pretrial conference and the trial will be fixed in due course by the district judge.

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. A second and any subsequent motion to extend the scheduling order deadlines must be supported with detailed information describing the discovery already completed, what necessary discovery remains, the parties efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Motions for reconsideration by the magistrate judge of rulings granting or denying extensions of scheduling order deadlines will be considered as motions under either Rule 59 or Rule 60, Fed.R.Civ.P., depending on when the motion for reconsideration is filed. *See Lavespere v. Niagra Machine Tool Works*, 910 F.3d 167 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171 (1993).

Additionally, counsel are to confer promptly to discuss a rational commercial solution to this litigation. Within 15 days of expiration of the discovery deadline in "A" above, plaintiff is to convey to defendants an offer of settlement or inform defendants

2

Case 3:11-cv-00237-BAJ -SCR   Document 7   07/12/11   Page 2 of 3

that no settlement is possible. Defendants are to respond within 15 days from receipt of such offer.

**IT IS FURTHER ORDERED that the scheduling conference set for July 14, 2011 is cancelled.**

This case will be reviewed in approximately 90 days and assigned for a status conference if necessary.

Baton Rouge, Louisiana, July 12, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE