UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM FRANK BOURDIER, JR. | * |
| | * |
| VERSUS | * |
| | * CIVIL ACTION NO. 11-237-BAJ-SCR |
| THE DERMATOLOGY AND ASETHETIC | * |
| INSTITUTE, L.L.C. AND DONNA G. | * |
| NUNNALLY | * |

## ANSWER AND COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, come The Dermatology and Aesthetic Institute, L.L.C. ("DAI") and Donna G. Nunnally, M.D. (collectively "Respondents"), who for answer to the allegations contained in the complaint filed by William Frank Bourdier, Jr., respectfully represent:

1.

Respondents deny the allegations contained in paragraph 1 of the Complaint, and demand strict proof thereof.

2.

Respondents admit that this Court has jurisdiction over this matter but deny that they violated the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and demand strict proof thereof.

3.

Except to admit that plaintiff is a natural person above the age of majority, respondents are without sufficient information to admit or deny the allegations contained in paragraph 3. The remainder of paragraph 3 calls for a legal conclusion, to which no response is required. To the

extent a response is required, respondents deny the allegations contained in paragraph 3 and demand strict proof thereof.

4.

The allegations of paragraph 4 are admitted.

5.

The allegations of paragraph 5 are admitted.

6.

The allegations of paragraph 6 are admitted.

7.

Except to admit that Teri Bourdier was discharged from her employment by DAI on or about February 4, 2009, the allegations of paragraph 7 are denied.

8.

Except to admit that Teri Bourdier made demand and filed suit against DAI for payment of wages allegedly owed, the allegations of paragraph 8 are denied.

9.

Except to admit that respondents requested a consumer report on the plaintiff, the allegations of paragraph 9 are denied.

10.

The allegations of paragraph 10 are denied for lack of information sufficient to justify a belief therein.

11.

The allegations of paragraph 11 are denied to the extent that the plaintiff performed contract labor for DAI from time to time.

12.

The allegations of paragraph 12 are admitted as substantially correct, although incomplete. Respondents specifically aver that they had multiple permissible purposes to obatin a consumer report, including the fact that plaintiff owed a debt owed for goods and services provided to his family members.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied. Respondents specifically aver that plaintiff was not concerned and anxious as shown by the fact that he waited 21 months before first alleging that any violation of the FCRA occurred and waited a full 24 months before filing suit.

15.

The allegations of paragraph 15 are denied.

16.

The allegations of paragraph 16 are denied.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of the prayer are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Respondents deny each and every allegation of the Plaintiff's Complaint and demand strict proof thereof.

## THIRD DEFENSE

Respondents deny that they violated any aspect of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* or any regulation promulgated in relation thereto.

## FOURTH DEFENSE

Respondents had multiple permissible purposes to access Plaintiff's consumer report.

## FIFTH DEFENSE

Any and all of the plaintiff's claims are barred by the doctrine of acquiescence and/or estoppel.

## SIXTH DEFENSE

Plaintiff has not alleged or sustained any actual damages which were caused by respondents, or for which respondents are liable.

## SEVENTH DEFENSE

The plaintiff failed to mitigate any damages he incurred (the existence of which damages is denied).

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata, ratification, satisfaction and release.

## NINTH DEFENSE

Plaintiff's claim for punitive damages violates the United States Constitution and/or the common law and/or the public policies of the United States.

## COUNTERCLAIM

AND NOW, assuming the position of plaintiff in counterclaim, respondents show that:

I.

Made defendant-in-counterclaim herein is William Frank Bourdier, Jr. ("Bourdier"), an individual of the full age of majority.

II.

Prior to February of 2009, Bourdier and family members for whom Bourdier was financially responsible owed DAI for goods and services obtained from DAI.

III.

DAI is entitled to recover the amount owed by the plaintiff to DAI.

IV.

DAI is entitled to attorney's fees pursuant to La. R.S. 9:2781.

V.

Plaintiffs-in-counterclaim aver, upon information and belief, that this action was filed to harass them in retaliation for terminating the plaintiff's wife.

VI.

Plaintiffs-in-counterclaim are entitled to recover damages and attorney's fees from Bourdier pursuant to 15 U.S.C. § 1681n.

WHEREFORE, The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally, M.D. pray (i) that this answer and counterclaim be deemed good and sufficient and

that in due course the complaint be dismissed with prejudice at plaintiff's costs, and (ii) that there be judgment in favor of The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally, M.D. and against William Frank Bourdier, Jr. for all amounts found to be due and owing together with attorney's fees and all costs assessed against William Frank Bourdier, Jr.

By Attorneys,

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
Post Office Box 2997
Baton Rouge, Louisiana 70821
Telephone (225) 383-4703
Facsimile (225) 343-0630

By: /s/Connell L. Archey
    Connell L. Archey (#20086)
    Keith J. Fernandez (#33124)
Attorneys for The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally. M.D.

## CERTIFICATE

I hereby certify that on the 25th day of July, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail on the following non-CM/ECF participants: Mr. Leonard Bennett, Attorney at Law, 12515 Warwick Boulevard Newport News, Virginia 23606.

/s/Connell L. Archey
Connell L. Archey