UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM FRANK BOURDIER, JR.

VERSUS

THE DERMATOLOGY AND
AESTHETIC INSTITUTE, L.L.C.,
AND DONNA G. NUNNALLY

CIVIL ACTION

NO. 011-237-BAJ-SCR

## RULINGS AND ORDER

This matter is before the Court on a motion by plaintiff, William Frank Bourdier, Jr., for an extension of time to oppose defendants' pending motion for summary judgment (doc. 10). Also before the Court is the motion by defendants, The Dermatology and Aesthetic Institute, L.L.C. ("DAI"), and Donna G. Nunnally, for summary judgment (doc. 9).[1] Jurisdiction is based on 28 U.S.C. § 1331.

Plaintiff filed the complaint in this matter on April 8, 2011, alleging that defendants improperly obtained a consumer credit report on him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq. Plaintiff claims "actual damages and injury, including, but not limited to humiliation, anxiety, extreme mental anguish and suffering, and emotional distress and inconvenience." Plaintiff prays for actual or statutory damages, punitive damages, attorney's fees, and costs. (Doc. 1).

---

[1] The complaint alleges that Donna G. Nunnally "is an individual employed by co-defendant DAI and the principal owner of DAI" (doc. 1, ¶ 5).

On July 25, 2011, defendants filed an Answer and Counterclaim. Defendants deny any violation of the Fair Credit Reporting Act, and assert that they had multiple permissible purposes for obtaining the report, "including the fact that plaintiff owed a debt . . . for goods or services provided to his family members." Defendants further allege that the present matter was filed in retaliation for the termination of his wife's employment, and defendants have asserted claims for the debt allegedly owed by plaintiff as well as costs, and attorney's fees pursuant to LSA–R.S. §9:2781. (Doc. 8).

On August 12, 2011, defendants filed the pending motion for summary judgment. Defendants' uncontroverted statement of undisputed facts provides that plaintiff's wife, Teri Bourdier, worked at DAI as a spa manager and had control over DAI inventory, the DAI computer system, accounts, and financial reports. Defendants also assert that Teri Bourdier's employment was terminated on February 4, 2009 "for engaging in unauthorized and inappropriate actions." Defendants further assert that, on April 8, 2009, DAI obtained a copy of plaintiff's consumer report "based upon [Teri Bourdier's] unauthorized and inappropriate actions and the use of multiple credit cards, some of which could not be verified as being issued to any of the Bourdiers," and because "DAI had reason to believe plaintiff owed a debt to DAI." (Doc. 9-1). Plaintiffs seek dismissal of the suit with prejudice at plaintiff's costs, and reserve the right to seek attorney's fees and damages.

On the eve of the opposition deadline, plaintiff's counsel filed the present motion for a two-month extension, asserting that discovery is necessary in order for him to address issues raised by the accounting records and the affidavit, both of which were submitted with the motion for summary judgment (docs. 10,10-1).

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2] In addressing the burden carried by a party seeking to continue a motion for summary judgment pending discovery, the Fifth Circuit has stated:

> "Rule 56([d]) discovery motions are "broadly favored and should be liberally granted" because the rule is designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The nonmovant, however, "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980). Rather, a request to stay summary judgment under Rule 56([d]) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *C.B. Trucking, Inc. V. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) (internal

---

[2] Though plaintiff's counsel repeatedly cites Rule 56(f), the substance of the memorandum clearly indicates that plaintiff's motion is grounded in the recently amended Rule 56(d).

3

> quotation marks and citations omitted.). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Access Telecom, Inc. V. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); see also, *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

*Raby v. Livingston*, 600 F.3d 552, 560 (5th Cir. 2010).

The FCRA provides, in pertinent part, that "any consumer reporting agency may furnish a consumer report . . . to a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A).

Defendants have submitted the Affidavit of Donna G. Nunnally, in which the affiant states that Teri Bordier owed money to DAI on an account (doc. 9-3, p. 2). Affiant also states that Teri Bourdier used over seven different credit cards at DAI, "some of which could not be verified as being issued to any of the Bourdiers" (doc. 9-3, p. 3). Defendants have also submitted, *inter alia*, a document, signed by Teri Bourdier, which indicates that she acknowledged a balance of $112.00 on December 20, 2007 (doc. 9-6), and a document indicating that, on August 21, 2011, "Billy

Bourdier" still owed $112.00 for botox treatments (doc. 9-5, p. 1). Thus, defendants have set forth evidence from which a reasonable finder of fact could conclude that plaintiff had an outstanding credit transaction with DAI on April 8, 2009, when defendants requested the consumer credit report.

The Court, having reviewed the affidavit of plaintiff's counsel, finds that plaintiff has failed meet his burden of "set[ting] forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[3] Instead, plaintiff "rel[ies] on vague assertions that additional discovery will produce needed, but unspecified facts."[4] Therefore, the motion for an extension of time to oppose the pending motion for summary judgment shall be denied.

The Court, having reviewed the evidence submitted by defendants, including the evidence noted *supra*, which pertains to a consumer credit transaction between DAI and plaintiff, finds no genuine dispute of fact as to whether plaintiff had a credit account with defendant or that money was owed on that account at the time the credit report was obtained. Because the statute specifically provides that a credit report may properly be obtained for review of such an account, the Court finds no

---

[3] See, *supra, Raby,* 600 F.3d at 560 (quoting, *C.B. Trucking,* 37 F.3d at 44).

[4] See, *supra, Raby,* 600 F.3d at 560 (quoting, *Spence,* 612 F.2d at 901).

genuine dispute of material fact regarding plaintiff's claim and the motion by defendants, DAI and Donna G. Nunnally, for summary judgment shall be granted.

## CONCLUSION

For all of the foregoing reasons, the motion by plaintiff, William Frank Bourdier, Jr., for an extension of time to oppose summary judgment (doc. 10) is hereby **DENIED**; and

The motion by defendants, The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally, for summary judgment (doc. 9) is hereby **GRANTED**; and

**IT IS ORDERED** that the claims asserted by plaintiff, William Frank Bourdier, Jr., in this matter are hereby **DISMISSED** with prejudice and at plaintiff's cost; and

**IT IS FURTHER ORDERED** that, should the parties be unable to amicably resolve the counterclaim asserted in this matter within 21 days, the parties shall file motions for summary judgment on the counterclaim.

Baton Rouge, Louisiana September 14, 2011.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

6

Case 3:11-cv-00237-BAJ -SCR   Document 12   09/15/11   Page 6 of 6