UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM FRANK BOURDIER, JR. | * |
| | * |
| VERSUS | * |
| | * CIVIL ACTION NO. 11-237-BAJ-SCR |
| THE DERMATOLOGY AND AESTHETIC | * |
| INSTITUTE, L.L.C. AND DONNA G. | * |
| NUNNALLY | * |

### OPPOSITION TO MOTION TO RECONSIDER DENIAL OF RULE 56(d) MOTION AND MOTION TO RECONSIDER RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

This memorandum is submitted on behalf of The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally, M.D. (collectively "DAI") in opposition to the plaintiff's Motion to Reconsider Denial of Rule 56(d) Motion and Motion to Reconsider Ruling Granting Defendants' Motion for Summary Judgment. This Court found "no genuine issue of fact as to whether plaintiff had a credit account with defendant or that money was owed on that account at the time the credit report was obtained." (Rulings and Order, Doc.No. 12, p.5). The plaintiff's motions to reconsider do not challenge that factual finding. Instead, the plaintiff argues that his claim under 15 USC 1681q was not addressed and that he can state a claim as a matter of law under these facts. Even to the extent that the plaintiff desires to challenge the Court's factual finding, the plaintiff does not explain why he needs discovery or why he did not produce the evidence previously. The plaintiff's motions to reconsider the Court's Rulings should be denied.

I. **Standard for Granting Reconsideration**

A motion to reconsider is treated as Rule 59(e) motion to amend or alter a judgment. *Edward H. Bohlin Co., Inc. v. Banning Co, Inc.*, 6 F.3d 350, 353 (5th Cir. 1993). The Fifth

Circuit in *Templet v. HydroChem Inc.*, 367 F.3d 473 (5th Cir. 2004) set forth the standard for granted a motion for reconsideration pursuant to Rule 59(e):

> A Rule 59(e) motion calls into question the correctness of the judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Id*, at 478-79 (citations omitted).

## II. The Court's Ruling Granting Summary Judgment Is Legally Correct

The plaintiff's sole basis for reconsideration of the ruling granting the summary judgment is that DAI "obtained his consumer report for employment purposes, when none existed," arguing that a claim under 15 USC §1681q may be stated even if the requester had a permissible purpose for obtaining the consumer report. Realizing that *Scott v. Real Estate Finance Group*, 183 F.3d 97 (2d Cir. 1999) is fatal to its claim, the plaintiff attempts to distinguish *Scott* as interpreting a prior version of the Fair Credit Reporting Act ("FCRA"). Plaintiff's arguments are groundless.

The requester in *Scott* falsely represented that the consumer had given written authorization to obtain a consumer report. The court held that:

> a report requester does not violate Section 1681q by giving a false reason for its request if it has an independent legitimate basis for requesting the report.

*Scott*, 183 F.3d at 99. That holding is still good law. The court in *Manso v. Santamarina & Assoc.*, 2005 WL 975854 (S.D.N.Y. 2005), cited *Scott*, holding that a "person cannot obtain information to which he has a right under false pretenses." Explaining further, the court held:

> Even if the Defendants had made false statements to KLM during the process of acquiring the KLM report, they would be protected by the rule that "a report requester does not violate Section 1681q by giving a false reason for its request if it has an independent legitimate basis for requesting the report."

2

In *Stonehart v. Rosenthal*, 2001 WL 910771 (S.D.N.Y. 2001), the defendant obtained the plaintiff's consumer report based upon a disputed debt. The court held:

> where a permissible purpose for obtaining a credit report is demonstrated, then, as a matter of law, the information cannot have been obtained under false pretenses.

Indeed, the court in *Stonehart* acknowledged the interaction between §§ 1681b and 1681q:

> Whether a consumer report has been obtained under false pretenses is ordinarily determined with reference to the permissible purposes for which consumer reports may be obtained under section 1681b.

Because the two sections are linked, the court reached the only logical conclusion possible:

> The existence of this permissible purpose constitutes a complete defense to the claim that the information was obtained under false pretense.

See also, *Edge v. Professional Claims Bureau, Inc.*, 64 F.Supp.2d 115, 117-118 (E.D.NY 1999) which held that:

> To prove a violation of Section 1681n(b), a plaintiff must show that credit information was obtained for an impermissible purpose-a showing of a permissible purpose is a complete defense. . .Where a permissible purpose for obtaining the credit information is demonstrated, then, as a matter of law, the information cannot have been obtained under false pretenses.

All of these cases interpreted the FCRA after the 1996 amendments to Section 1681q.

Thus, even if DAI inadvertently gave an incorrect reason for requesting the consumer report, such inadvertence does not create liability because DAI in fact had a permissible purpose for obtaining a consumer report on the plaintiff.

This Court's Ruling granting summary judgment is correct as a matter of law; the plaintiff's motion to reconsider its Ruling should be denied.

### III. Denial of Rule 56(d) Motion

Courts consider several factors when a party seeks to upset a summary judgment by producing additional evidence: "(1) the reasons for the moving party's default, (2) the importance

3

of the omitted evidence to the moving party's case, (3) whether the evidence was available to the movant before the nonmovant filed the summary judgment motion, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." An "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for consideration." *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841 (5th Cir. 2006); *Templet*, 367 F.3d at 479; *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

The plaintiff has not given any reason for failing to produce evidence prior to this Court's Rulings and still has not shown what evidence he would like to introduce. The plaintiff's motion to reconsider denial of Rule 56(d) motion refers to the plaintiff's affidavit, but none was filed.[1] Regardless of whatever reasons the plaintiff may offer, the plaintiff could have undertaken a number of steps to oppose the summary judgment: (i) he could submitted his own affidavit to challenge DAI evidence that he owed a debt to DAI in opposition to the summary judgment, (ii) he could have undertaken discovery in time to oppose the summary judgment, or (iii) he could have filed the Rule 56(d) motion immediately after the summary judgment was filed, instead of 6:25 p.m. on the last day of the opposition. His own affidavit was by definition available to him prior to when DAI filed the motion for summary judgment. The plaintiff does not suggest what other evidence could be available[2] and offers no explanation why he failed to produce the evidence in opposition to the summary judgment.

It appears that the plaintiff needed no discovery anyway as his motion to reconsider granting the summary judgment is based upon legal arguments, not errors in factual findings.

---

[1] DAI reserves the right to respond should plaintiff attempt to file his affidavit hereafter.
[2] The plaintiff's statement that the "alleged debt was created after the fact to justify the pulling of his consumer report by defendants" is without factual basis and belied by DAI's records. DAI submitted a copy of the accounting record from 2009 showing the amount owed by the plaintiff along with a more legible document printed from DAI's accounting system recently in support of its motion for summary judgment. (Doc.No. 9-7). The debt was on DAI's books long before the plaintiff raised any FCRA claim.

4

His argument appears to be that he is legally entitled to judgment notwithstanding the fact that he owed a debt to DAI because DAI gave a false reason when it requested his consumer report. The argument, though legally incorrect for the reasons already stated, could have been made by the plaintiff before entry of judgment and does not require reopening this matter to take additional evidence.

The plaintiff has shown no grounds for this Court to the employ sparingly used extraordinary remedy of reconsideration in this case.

## IV. Conclusion

This Court's Rulings are legally correct. The plaintiff's argument that he may have a claim for false pretenses under § 1681q even if DAI had a permissible purpose to obtain his credit report is incorrect as a matter of law. The plaintiff did not explain why he was unable to present any evidence prior to the ruling on the summary judgment. The plaintiff has not shown that this Court should exercise the extraordinary remedy of reconsideration. The plaintiff's motions to reconsider the Court's Rulings should be denied.

By Attorneys,

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
Post Office Box 2997
Baton Rouge, Louisiana 70821
Telephone (225) 383-4703
Facsimile (225) 343-0630

By: /s/Connell L. Archey
    Connell L. Archey (#20086)
    Keith J. Fernandez (#33124)
Attorneys for The Dermatology and Aesthetic Institute, L.L.C. and Donna G. Nunnally, M.D.

## CERTIFICATE

I hereby certify that on the 4th day of October, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail on the following non-CM/ECF participants: N/A.

/s/Connell L. Archey
Connell L. Archey