IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM FRANK BOURDIER, JR. * | |
| PLAINTIFF * | |
| * | CIVIL ACTION NO. 11-237-BAJ-SCR |
| VS. * | |
| * | |
| THE DERMATOLOGY AND AESTHETIC * | |
| INSTITUTE, L.L.C. AND * | |
| DONNA G. NUNNALLY * | |
| DEFENDANTS * | |

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF CONFIDENTIAL SETTLEMENT
AGREEMENT BETWEEN TERI BOURDIER AND THE DERMATOLOGY AND
AESTHETIC INSTITUTE, L.L.C. DATED AUGUST 31, 2009**

I.  INTRODUCTION

Plaintiff served a *subpoena duces tecum* to Keith Jones requesting production of a single document listed by defendants in their initial disclosures: the Confidential Settlement Agreement Between Teri Bourdier and the Dermatology and Aesthetic Institute, L.L.C. dated August 31, 2009. Keith Jones has refused to produce this document stating it is confidential and can only be produced pursuant to a court order. Defendants have already conceded this document may be used to support their claims or defenses by including it in their initial disclosures and the counterclaim filed herein is identical to the claims Dermatology and Aesthetic Institute, L.L.C. made against plaintiff's wife, Teri Bourdier, in state court litigation, which is one of their bases for imposing liability on Mr. Bourdier, it should be produced by Keith Jones. Plaintiff therefore requests an order compelling production of this document by Keith Jones.

**II.  ARGUMENT OF LAW**

Discovery is necessarily broad and to be accorded liberal use. Broad discovery promotes

1

preparation of the parties.  It also promotes judicial efficiency.  The parties and the court benefit from lack of surprise and unnecessary delays caused by lack of preparation and discovery disputes which take up the court's time and resources.  Broad discovery promotes settlement as all parties are able to learn facts related to their claims so that proper evaluation and discussion occur.  All American courts agree that discovery is extremely broad. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984); Herbert v. Lando, 441 U.S. 153, 99 S.Ct. 1635 (1979); Hickman v. Taylor, 329 U.S. 495 (1947).  Discovery of documents is permitted where the documents might even lead to the discovery of admissible evidence. Miller v. Federal Express Co., 186 F.R.D. 376 ( W.D. Tenn. 1999).  Relevancy is particularly broad in discovery. *Id.*  Relevance is determined by whether the information or documents sought relate to a claim, defense or credibility of a witness.  It also includes whether the information sought might reasonably lead to the discovery or location of evidence that is relevant and admissible. Scouler v. Craig, 116 F.R.D. 494 (D.N.J. 1987); Hickman v. Taylor, supra, ["No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into facts underlying the opponent's case."].

Discovery is designed to take the "game" element out of trial preparation by enabling parties to obtain the evidence necessary to evaluate and resolve their dispute beforehand. Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649.

Courts considering motions to compel have held that the party objecting to production of documents has the burden of proving that the records are either not relevant or that the burden of production is so great as to outweigh the need for fair discovery and the goals of discovery. Oleson v. KMart, 175 F.R.D. 560, 565 (D. Kan. 1997); Burke v. New York City Police Dept.,

2

115 F.R.D. 220, 224 (S.D. N.Y. 1987). This burden is an affirmative duty placed on the objecting party to articulate facts, not mere conclusory remarks, of the alleged lack of relevancy or burden and costs which are alleged to outweigh the goals of liberal discovery. <u>Marena v. Carrabba's Italian Grill</u>, 196 F.R.D. 35 (D.Md. 2000). Blanket objections and conclusory remarks are never proper or sufficient. Id.; <u>Eureka Fin. Corp. v. Hartford Acc. & Ind. Co.</u>, 136 F.R.D. 179, 182-183 (E.D. Cal. 1991). The only objection is apparently due to the language in the Confidential Agreement itself limiting its disclosure only when ordered by a court to be produced.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Documents listed in a party's initial disclosures are those which it "may use to support its claims or defenses" Fed.R.Civ.Proc. 26(A)(1)(a)(ii).

Courts have routinely granted motions to compel and it is appropriate in this case where the document requested has been listed by the defendants themselves in their Initial Disclosures. The sole objection is that it is confidential and can only be produced pursuant to an order of this court, which is the only remedy Mr. Bourdier is requesting.

The Court has great discretion in considering discovery motions and requests. That great discretion is subject to an "abuse of discretion" standard of review. <u>Lone Star Steakhouse &</u>

3

Saloon v. Alpha of VA, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988). The range of discovery is broad and litigants are to be provided access to information that might be useful even if their use is only in cross-examination. See Haney v. Woodward & Lothrop, Inc., 330 F.2d 940 (4th Cir. 1964).

The scope of the subpoena duces tecum was very narrow and only included a document specifically listed by the defendants in their initial disclosures but which they have not produced. It was also specifically referenced by Donna Nunnally in her affidavit previously submitted to this Court. (Docket number 9-3, ¶ 10).

### III.  CONCLUSION

For the foregoing reasons, Keith Jones should be ordered to produce the Confidential Settlement Agreement Between Teri Bourdier and the Dermatology and Aesthetic Institute, L.L.C. dated August 31, 2009.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30th day of November, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and to Keith Jones by facsimile transmission on November 30, 2011 and by hand delivery on December 1, 2011.

s/Garth J. Ridge
**GARTH J. RIDGE**

4

Case 3:11-cv-00237-BAJ -SCR   Document 25   11/30/11   Page 4 of 5

Bar Roll Number: 20589
Attorney for Plaintiff
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number: (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com