UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM FRANK BOURDIER, JR.            CIVIL ACTION

VERSUS

THE DERMATOLOGY AND AESTHETIC
INSTITUTE, LLC AND DONNA NUNNALLY     NO. 11-237-BAJ-SCR

RULING ON SUMMARY JUDGMENT

This matter is before the Court pursuant to cross motions for summary judgment by both parties, William Frank Bourdier ("Bourdier"), and the Dermatology and Aesthetic Institute, LLC and Donna G. Nunnally ("Defendants"). On April 8, 2011, Bourdier filed a complaint alleging DAI improperly obtained a consumer credit report on him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq. (doc. 1)

On July 25, 2011, Defendants filed an Answer and Counterclaim. In their Answer, Defendants denied any violation of the FCRA, and asserted various permissible purposes for obtaining the report. (doc. 8) Defendants also alleged Bourdier filed his claim in retaliation for termination of his wife's employment, and asserted claims for the debts allegedly owed by Bourdier, as well as costs and attorney's fees pursuant to Louisiana Revised Statutes § 9:2781. (doc. 8)

On August 12, 2011, Defendants filed a motion for summary judgment. (doc. 9) The Court found "no genuine dispute of fact as to whether plaintiff had a credit account with defendant or that money was owed on that account at the time the

1

credit report was obtained." (doc. 12) The FCRA specifically provides that a credit report may properly be obtained for review of such an account. Therefore no genuine dispute of material fact existed and the Court granted Defendants' motion. (doc. 12) The Court further ordered the parties to file motions for summary judgment if they were unable to amicably resolve the issues in DAI's counterclaim within 21 days of the Court's ruling. (doc. 12, p. 6) The parties were unable to reach such a resolution.

In its counterclaim, DAI seeks the amount of the debt owed to it by Bourdier, $112.00, as well as attorney's fees in the amount of $10,797.66. (doc. 8) The Court has two motions before it: 1) DAI's motion for summary judgment in support of its counterclaim (doc. 13), and 2) Bourdier's cross motion for summary judgment on DAI's counterclaim. (doc. 18) Bourdier filed a memorandum in opposition to DAI's motion (doc. 20), and DAI filed a reply. (doc. 23)

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts

2

showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## DISCUSSION

The Court will address two issues in its Ruling: 1) whether Defendants are entitled to judgment against Bourdier on a debt in the amount of $112, and 2) whether Defendants are entitled to judgment against Bourdier for sanctions and attorney's fees pursuant to La. R.S § 9:2781, Rule 11 of the Federal Rules of Civil Procedure, and/or 15 U.S.C. § 1681n(c).

### A. Defendants' Claim on Open Account

In its first Ruling and Order on Summary Judgment, the Court found no genuine issue of fact as to whether Bourdier owed money on a credit account to Defendants. (doc. 12) Bourdier argues he is not liable for this debt for two reasons. First, under Louisiana community property laws the debt is a "separate debt" incurred by his wife. Second, the debt is prescribed under article 3494 of the

3

Louisiana Civil Code, which provides that an action on an open account prescribes in three years. La. C.C. art. 3494(4).

The Court finds no merit in Bourdier's first argument. The debt owed to Defendants is not a separate obligation, but a community obligation. Under article 2360 of the Louisiana Civil Code, "An obligation incurred by a spouse during the existence of the community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation." La. C.C. art. 2360. Bourdier asserts his wife, Teri Bourdier, purchased the treatment from DAI as a gift to him. This fits squarely within the scope of Article 2360 and is therefore a community obligation.

Bourdier's second argument, that the obligation has prescribed, does carry weight with the Court. Article 3494 of the Louisiana Civil Code provides that actions on an open account, such as the one at issue in this case, prescribe in three years. La. C.C. art. 3494(4). Bourdier asserts the debt became exigible on December 20, 2007, was not sued upon until Defendants filed their counterclaim in July 2011, and therefore is subject to three-year liberative prescription under article 3494. The debt was a community obligation, and both Bourdier and his wife had the power to acknowledge it, thereby interrupting prescription. Acknowledgement of a debt sufficient to interrupt prescription may be made "verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways. It may be implicit or it may be inferred from the facts and circumstances." *Lake Providence Equipment Co. v. Tallulah Production Credit Ass'n*, 241 So.2d 506, 509 (La. 1970). Defendants

4

argue prescription was interrupted by acknowledgement when Teri Bourdier signed a payroll deduction. Even if signing the payroll deduction was sufficient to acknowledge the debt, it occurred more than three years prior to Defendants filing their counterclaim. Teri Bourdier signed the payroll deduction on December 20, 2007. Defendants filed their counterclaim in July 2011, more than three years later. Therefore, the debt had prescribed under article 3494 of the Louisiana Civil Code. Defendants are not entitled to collect upon the debt.

## B. Defendants' Claim for Attorney's Fees

Defendants argue they are entitled to attorney's fees on three grounds: 1) pursuant to a Rule 11 sanction; 2) under the FCRA; and 3) under Revised Statutes § 9:2781.

### a. Rule 11 Sanctions

Defendants contend that Bourdier and his attorneys should be sanctioned for "filing a suit without factual support intended to harass DAI after being advised repeatedly that DAI had a permissible purpose to obtain the plaintiff's consumer report." (doc. 13-4, p. 6)

Rule 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of [his] knowledge information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . .

Fed. R. Civ. P. 11(b). Compliance with Rule 11 is measured by an objective, not subjective standard of reasonableness of the conduct at the time counsel signed the

5

document alleged to be the basis for the sanctions. *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.2d 796, 805–06 (5th Cir. 2003). If a court determines that Rule 11(b) has been violated, it may impose an appropriate sanction. Fed. R. Civ. P. 11(c)(1).

Rule 11 also provides that sanctions may be sought only after a motion is properly made in compliance with 11(c)(2):

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Defendants have not filed a motion for Rule 11 sanctions, but contend they have satisfied the requirement by warning Bourdier in a Status Report they may seek sanctions, sending a Rule 11 demand letter, and asserting a claim for attorney's fees in their counterclaim.

Under controlling Fifth Circuit law, this conduct is insufficient to satisfy the Rule 11 service requirement. *See In re Pratt*, 524 F.3d 580 (5th Cir. 2008).[1] Warning letters sent to a party in advance of filing a motion for Rule 11 sanctions are insufficient to comply with the service requirement. *Id.* at 586 (citing *Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006)).

---

[1] There is a disagreement among the circuit courts on the sufficiency of informal notice of intent to seek Rule 11 sanctions. In *Pratt*, the Fifth Circuit noted that the Fourth, Eighth, and Ninth Circuits all follow the formal approach. 524 F.3d at 587 (citing *Brickwood Contractors Inc., v. Datanet Eng'g, Inc.*, 369 F.3d 585 (4th Cir. 2004); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772 (9th Cir. 2001); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028 (8th Cir. 2003)); *but see Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539 (7th Cir. 2011).

> The reason for requiring a copy of the motion itself, rather than simply a warning letter, to be served on the allegedly offending party is clear. The safe harbor provisions were intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourage[e] the withdrawal of papers that violate the rule without involving the district court. Thus 'a failure to comply with them [should] result in the rejection of the motion for sanctions.

*Pratt*, 524 F.3d at 586–87. (quoting *Roth*, 466 F. 3d at 1192.)

Defendants' failure to file a motion for Rule 11 sanctions obviates the Court's need to address the merits of the issue, and their motion for Rule 11 sanctions is hereby denied for noncompliance with the service requirement.

### b. Attorney's fees under the FCRA

Second, Defendants claim the FCRA itself entitles them to attorney's fees. Section 1681n(c) of the FCRA provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c).

Defendants cite to various facts that they argue show Bourdier's claim was filed in bad faith and with an intent to harass, including the following:

    a)     Defendants advised Bourdier and his attorneys they had a permissible purpose to obtain Bourdier's credit report in January 2011. Nevertheless, Bourdier filed suit in April 2011 only to have

7

his claim dismissed on summary judgment by the Court on September 15, 2011. (doc. 13-4, p. 6)

b) Defendants sent Bourdier's attorney, Garth Ridge, a Rule 11 letter on July 11, 2011, and Bourdier failed to withdraw his complaint within the 21-day "safe harbor" provided by Rule 11(c)(2). (doc. 13-4, p. 7)

c) Bourdier chose to have service effected by constables[2] at Defendants' offices instead of waiving service. (doc 13-4, p. 8)

The Court rejected Bourdier's complaint by dismissing it on summary judgment, but that is not fatal to the chance that his claim had a legal basis under the FCRA. In fact, Bourdier's original complaint did have a legal basis as it disputed Defendants' initial purported authority for obtaining a consumer report under § 1681b, that it would use the information for an employment purpose. Section 1681b provides, in relevant part, that a consumer reporting agency may furnish a consumer report under specific and exclusive circumstances, including

> [T]o a person which [the agency] has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account, the consumer; or intends to use the information for employment purposes."

15 U.S.C. § 1681b(a)(3)(A–B).

Bourdier's original complaint argued that because Defendants erroneously relied upon "employment purposes" to satisfy the permissible purpose requirement,

---

[2] Service of process by constables is authorized pursuant to article 332 of the Louisiana Code of Civil Procedure.

they had no authority to obtain the consumer report. Defendants alleged an alternative purpose for obtaining the report: that Bourdier owed a debt. Bourdier disputes this fact. The Court found a debt was owed, and the Defendants' original motion for summary judgment was granted, dismissing Bourdier's complaint.

Defendants cite case law standing for the proposition that the mere existence of a permissible purpose eliminates any possibility of a separate cause of action under the FCRA. *See Scott v. Real Estate Finance Group*, 183 F.3d 97, 99 (2d Cir. 1999); *Breese v. TRIAdvantage Credit Services, Inc.*, 393 F. Supp 2d. 819, 823 (D. Mn. 2005). Therefore, according to Defendants, the only possible motivation for Bourdier's claim was harassment, since he had no legal legs to stand upon.

The Court disagrees. Although it appears in hindsight that Bourdier had no factual support for his complaint, claims for sanctions are not afforded the luxury of looking back. The "snapshot" rule requires the Court to consider an attorney's conduct at the time of the signing of the pleading. *Thomas v. Capital Sec. Servs, Inc.*, 836 F.3d 866 (5th Cir. 1988). The lawyer does not need to guaranty the correctness of the legal theory advanced in the filing, but must certify "that he has conducted a reasonable inquiry into the relevant law." *Smith v. our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992). Sanctions can then be imposed only if the lawyer's position can "fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal." *Id.*

The Court finds that the conduct of Bourdier's attorneys does not warrant the award of attorney's fees under the FCRA, and denies Defendants' motion for

9

Case 3:11-cv-00237-BAJ -SCR   Document 27   02/06/13   Page 9 of 11

attorney's fees under the FCRA. Bourdier's lawyers disputed, and continue to dispute, that Bourdier himself owes a debt. Their lack of success in this regard does not make their claim legally baseless. Moreover, effecting service by constable instead of waiving it does not rise to the level of harassment.

### c. Attorney's fees under § 9:2781

Section 9:2781 of the Revised Statutes provides for the recovery of attorney's fees on an open account if the amount is not paid within 30 days of the demand for payment. La. R.S. § 9:2781(A).[3] Section 9:2781(A) provides that demand may be made properly through citation and service of petition. La. R.S. § 9:2781(A). *See also Wright & Moreno, LLC v. Clement*, 2004-197, (La. App. 3 Cir. 12/8/04); 891 So. 2d 704.

The Court has already determined the Defendants' claim on the open account is prescribed under article 3494 of the Louisiana Civil Code. Therefore, section 9:2781 does not apply, and Defendants are not entitled to attorney's fees under this provision.

---

[3] Subpart A provides:
"When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this section."

10

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment on their counterclaim, sanctions, and attorney's fees (doc. 13) is hereby DENIED. Plaintiff's motion for summary judgment (doc. 18) is hereby GRANTED.

Baton Rouge, Louisiana, February 6, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA